## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel., | ) | CIVIL ACTION NO. 3:13-183 |
| HOLLY THOMAS, and MICHAEL | ) | |
| MEKETA, | ) | |
| Plaintiffs, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| LOCKHEED MARTIN AEROPARTS, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I.      Introduction

This *qui tam* action arises from a dispute regarding false and fraudulent claims. (*See* ECF No. 1.)   Presently before the Court is Defendant's motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6).   (ECF No. 33.)  For the reasons stated below, the Court will **GRANT** Defendant's motion to dismiss the complaint.

### II.     Jurisdiction

The Court has jurisdiction over the instant action pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. § 1331.   Venue is appropriate under 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391(b)(2) because the alleged acts occurred in this judicial district.

### III.    Background

This action is brought *qui tam* by Relators Holly Thomas and Michael Meketa ("Plaintiffs") against Defendant for violations of the False Claims Act, 31 U.S.C. § 3729 *et*

*seq.* (ECF No. 1.)  Plaintiffs allege the following facts in the complaint, which the Court

will accept as true for the sole purpose of deciding the pending motion.

Plaintiff Thomas began working for Defendant as an independent contractor on or

about May 6, 2009, and "applied for, but was denied, a Procurement Representative

position on June 19, 2009[,] and July 24" because Defendant "pretextually contended" that

she did not have the experience or background required.  (*Id.* ¶¶ 5-7.)  On March 22, 2010,

Plaintiff Thomas began working full-time for Defendant as a Senior Purchasing Assistant.

(*Id.* ¶ 8.)  Plaintiff Thomas was denied a position as an Expediter on December 22, 2010;

she went on medical leave in February 2011 and has not returned.  (*Id.* ¶¶ 9-10.)

Plaintiff Meketa is an Aerospace Industry Experienced Auditor "holding the

highest qualification available for Aerospace auditors" and has twelve years of experience

in the aerospace industry.  (*Id.* ¶¶ 12-13.)  Plaintiff Meketa began working for Defendant

as an auditor on September 11, 2006.  (*Id.* ¶ 14.)  He was laid off on November 6, 2011,

"[a]s a consequence of his refusal to accept poor quality and poor workmanship and

because of his complaints of Defendant's waste and inefficiency." (*Id.* ¶ 15.)

Defendant is a wholly owned subsidiary of Lockheed Martin Corporation.  (*Id.* ¶

16.)  Its facility delivers machined details and subassembly and assembly components to

other Lockheed Martin facilities, government installations, foreign operators, and

commercial entities.  (*Id.* ¶ 21.)  Plaintiffs provide additional background regarding

Defendant's facility, (*id.* ¶¶ 17-20, 22-29), and set forth the terms of Aerospace Standard

Document 9011, under which Defendant's responsibilities are defined, governed, and

controlled, (*id.* ¶¶ 35-60).  Plaintiffs allege that Defendant consistently refuses to hire and

promote competent personnel "for most supervisory and management positions" and that most management personnel lack the necessary skill sets and have not been properly trained to perform their jobs. (*Id.* ¶¶ 61-63.)

Plaintiffs filed a one-count complaint against Defendant on August 22, 2013, asserting that Defendant violated the False Claims Act, 31 U.S.C. § 3729 *et seq.*, (*id.* ¶¶ 229-233), by making ten false and fraudulent claims to the United States, (*id.* ¶¶ 73-228). First, Plaintiffs contend that Defendant willfully failed to send specifications to at least three approved vendors and therefore failed to obtain the best manufacturing quality at the lowest price, (*id.* ¶¶ 73-77), and that Defendant willfully kept work in-house rather than allowing approved vendors to submit bids, (*id.* ¶¶ 78-84). Second, Plaintiffs allege that Defendant willfully charged the United States for cost overruns. (*Id.* ¶¶ 85-88.) Third, Plaintiffs assert that Defendant deliberately and willfully failed to disclose its cost overruns to the United States. (*Id.* ¶¶ 89-95.) Fourth, Plaintiffs aver that Defendant deliberately and willfully failed to disclose to the United States that it was responsible for inadequate and poor-quality work. (*Id.* ¶¶ 96-104.) Fifth, Plaintiffs claim that Defendant willfully misrepresented to the United States the names and statuses of vendors, which resulted in Defendant billing the United States for work completed by unapproved vendors. (*Id.* ¶¶ 105-126.)

In their sixth allegation that Defendants made false and fraudulent claims to the United States, Plaintiffs contend that Defendant mispresented the viscosity of special paint to the United States. (*Id.* ¶¶ 127-144.) Seventh, Plaintiffs allege that Defendant revised its purchase orders after submitting them to include customized parts for which

the United States paid.  (*Id.* ¶¶ 145-177.)  Eighth, Plaintiffs aver that Defendant willfully misused overtime and improperly charged the United States for unnecessary overtime. (*Id.* ¶¶ 178-201.)  Ninth, Plaintiffs claim that Defendant blatantly and illegally abused overtime by allowing one employee to submit overtime hours that he did not work.  (*Id.* ¶¶ 202-208.)  Tenth, Plaintiffs assert that the United States was unaware that Defendant's bills were for its errors and incompetence.  (*Id.* ¶¶ 209-228.)

On January 8, 2015, counsel filed a motion to withdraw as Plaintiff Thomas's attorney (ECF No. 13), which the Court granted (ECF No. 15).  On January 9, 2015, the United States filed notice of its election to decline intervention in this case (ECF No. 16), and the Court therefore unsealed the action on January 13, 2015, (ECF No. 17).  On April 6, 2015, Defendant filed a motion to dismiss Plaintiffs' complaint (ECF No. 33), along with a supporting brief (ECF No. 33-1) and proposed order (ECF No. 33-2).[1]  On May 4, 2015, Plaintiff Meketa filed a response to Defendant's motion (ECF No. 40), along with a supporting brief (ECF No. 39).  After the Court granted Defendant leave to reply (ECF No. 42), Defendant filed its reply on May 21, 2015, (ECF No. 43).  As the parties have fully briefed the Court, this matter is now ripe for adjudication.

---

[1] As a result of errata entries made on the docket, entries 33 and 35 both contain Defendant's motion.  (*See* ECF Nos. 33, 35.)  Similarly, entries 33-1, 34, and 36 all contain Defendant's brief in support of its motion to dismiss Plaintiffs' complaint.  (*See* ECF Nos. 33-1, 34, 36.)  Entries 33-2 and 35-1 both contain Defendant's proposed order.  (*See* ECF Nos. 33-2, 35-1.)  For ease of reference, the Court will refer to Defendant's motion, brief, and proposed order only as ECF Nos. 33, 33-1, and 33-2.

## IV.    Legal Standard

### A.    Failure to State a Claim, Rules 8 and 12(b)(6)

Defendant has moved to dismiss Plaintiffs' complaint pursuant to Rules 8 and 12(b)(6).  The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Rule 12(b)(6) allows a party to seek dismissal of a complaint or any portion of a complaint for failure to state a claim upon which relief can be granted.  Although the federal pleading standard has been "in the forefront of jurisprudence in recent years," the standard of review for a Rule 12(b)(6) challenge is now well established.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 209 (3d Cir. 2009).

In determining the sufficiency of a complaint, a district court must conduct a two-part analysis.  First, the court must separate the factual matters averred from the legal conclusions asserted.  *See id.* at 210.  Second, the court must determine whether the factual matters averred are sufficient to show that plaintiff has a "'plausible claim for relief.'"  *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  The complaint need not include "'detailed factual allegations.'"  *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Moreover, the court must construe the alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party.  *See id.* at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F. 3d 651, 653 (3d Cir. 2003)).  However, "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice."  *Iqbal*, 556 U.S. at 678.  Rather, the complaint must present sufficient "'factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

Ultimately, whether a plaintiff has pleaded a "plausible claim for relief" is a "context-specific" inquiry that requires the district court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The relevant record under consideration includes the complaint and any "document integral to or explicitly relied upon in the complaint." *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F. 3d 1410, 1426 (3d Cir. 1997)). If a complaint is vulnerable to dismissal pursuant to Rule 12(b)(6), the district court must permit a curative amendment, irrespective of whether a plaintiff seeks leave to amend, unless such amendment would be inequitable or futile. *Phillips*, 515 F.3d at 236; *see also Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

### B. Pleading Fraudulent Acts with Particularity, Rule 9(b)

Federal Rule of Civil Procedure 9(b) requires that fraudulent claims be pled with particularity: "Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). In applying Rule 9(b), the Third Circuit has explained that "[i]t is the identification of [the] elements of a fraud claim which . . . Rule 9(b) requires." *Christidis v. First Pennsylvania Mortg. Trust*, 717 F.2d 96, 99 (3d Cir. 1983); *see*

*also N. Am. Communs., Inc. v. InfoPrint Solutions Co., LLC*, 817 F. Supp. 2d 642, 646 (W.D. Pa. 2011) ("[F]raud under 9(b) has its roots in common law, and as such has the same five elements as in traditional common law."). To establish a fraud claim, "a plaintiff must show, by clear and convincing evidence, (1) a false representation, (2) in reference to [a] material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action is taken in reliance upon the representation." *Alvarez v. Ins. Co. of N. Am.*, 313 Fed. Appx. 465, 467 (3d Cir. 2008) (internal quotations omitted) (applying the elements of fraud to the review of a district court's order dismissing a complaint).

"Rule 9(b) exists to insure adequate notice so that defendants can intelligently respond." *Illinois Nat. Ins. Co. v. Wyndham Worldwide Operations, Inc.*, 653 F.3d 225, 233 (3d Cir. 2011) (citing *Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 414 n.2 (3d Cir. 2003) ("The purpose of Rule 9(b) is to provide notice, not to test the factual allegations of the claim.")). To satisfy Rule 9(b), "[a] party must allege facts which will enable the court to draw an inference of fraud, and allegations in the form of conclusions or impermissible speculation as to the existence of fraud are insufficient." *Alvarez*, 313 Fed. Appx. at 467-68 (internal quotations omitted).

The Third Circuit recently adopted the approach of the First, Fifth, and Ninth Circuits, which "have taken a more nuanced reading of the heightened pleading requirements of Rule 9(b)," holding that "it is sufficient for a plaintiff to allege particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Foglia v. Rental Ventures Mgmt., LLC*, 754 F.3d 153, 156-57 (3d Cir. 2014) (internal quotations omitted). Despite adopting this more

lenient standard, the Third Circuit cautioned that "describing a mere opportunity for fraud will not suffice." *Id.* at 158. Rather, a plaintiff "must provide particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Id.* at 157-58 (internal quotations omitted).

## V.    Discussion

### A.    Defendant's Motion to Dismiss for Plaintiff Thomas's Lack of Standing

Defendant argues that Plaintiff Thomas must be dismissed from this action because she lacks standing. (ECF No. 33 ¶ 7; ECF No. 33-1 at 3, 25-26.) Defendant states that Plaintiff Thomas filed a separate action against it and executed a settlement agreement that included a "full and general release" of all claims against Defendant. (ECF No. 33-1 at 25.) Defendant further asserts that well-settled law prohibits relators to proceed in *qui tam* actions pro se and notes that Plaintiff Thomas is a pro se plaintiff. (*Id.* at 26.) In response, Plaintiff Meketa's counsel confirms that the Court granted his request to withdraw his representation of Plaintiff Thomas. (ECF No. 39 at 2.)

As Defendant notes, Plaintiff Thomas filed an action against Defendant in 2013 for violations of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, and other applicable law. *See Thomas v. Lockheed Martin Aeroparts, Inc.*, No. 3:13-CV-166, 2015 U.S. Dist. LEXIS 35134, at *2 (W.D. Pa. Mar. 20, 2015). After the parties reached a settlement agreement in March 2014, Plaintiff Thomas refused to sign the final version of the agreement. *Id.* at *3-4. Plaintiff Thomas's counsel, who currently represents Plaintiff Meketa in this action, filed a motion to withdraw representation. *Id.* at *4.

Defendant then filed a motion to enforce the parties' settlement agreement, which this Court granted after finding that the parties had reached a valid and enforceable settlement. *Id.* at *12.

In granting Defendant's motion, the Court concluded that "the full and general release language in the term sheet [that summarized the material terms of the settlement] is sufficiently precise and definite to render the settlement agreement enforceable." *Id.* at *9. The term sheet provided for "[a] full and general release of all claims by Plaintiff [Thomas]." *Id.* at *3. The Third Circuit has explained that "[a] general release . . . ordinarily covers all claims and demands due at the time of its execution and within the contemplation of the parties." *News Am. Mktg. In-Store Servs., LLC v. Floorgraphics, Inc.*, 576 Fed. Appx. 111, 114 (3d Cir. 2014) (internal quotations omitted); *see also Camiolo v. State Farm Fire & Cas. Co.*, 334 F.3d 345, 360 (3d Cir. 2003) ("[A] release covers only those matters which may be fairly said to have been within the contemplation of the parties when the release was given.") (internal quotations omitted). Because the instant action was filed in 2013, Plaintiff Thomas's allegations were clearly "within [her] contemplation" when she agreed to settle with Defendant in March 2014. Plaintiff Thomas therefore lacks standing in this action. *See, e.g., Winer Family Trust v. Queen*, No. 05-CV-3394, 2006 U.S. App. LEXIS 31610, at *12 (3d Cir. Dec. 22, 2006) (affirming dismissal of claims because the parties had signed a general release); *Butcher v. Gen. Motors Co.*, No. 2:14-CV-353, 2015 U.S. Dist. LEXIS 24045, at *17 (W.D. Pa. Feb. 27, 2015) (granting motion to dismiss because the plaintiff had signed a general release of claims).

Moreover, even if this Court had not enforced the settlement agreement that released all of Plaintiff Thomas's claims against Defendant, well-settled law prohibits pro se relators from proceeding in *qui tam* actions. As previously noted, Plaintiff Thomas's prior counsel, who currently represents Plaintiff Meketa in this action, filed a motion to withdraw as Plaintiff Thomas's attorney on January 8, 2015, (ECF No. 13), which the Court granted (ECF No. 15). Plaintiff Thomas is currently pro se, as no other attorney has since entered an appearance on her behalf. Accordingly, the Court must dismiss Plaintiff Thomas, with prejudice, from this action. *See, e.g.*, *Gunn v. Credit Suisse Grp. AG*, 610 Fed. Appx. 155, 157 (3d Cir. 2015) (affirming dismissal because "[w]hile it does not appear that we have had occasion to address the issue, every circuit that has is in agreement that a pro se litigant may not pursue a *qui tam* action on behalf of the Government"); *United States ex rel. Smith v. Progressive Holdings, LLC*, 2012 U.S. Dist. LEXIS 98235 (W.D. Pa. July 16, 2012) (dismissing *qui tam* action four months after the relator's counsel withdrew because "the law is clear that [a] Relator may not proceed pro se").

Defendant argues that the Government's consent is not required for the dismissal of Plaintiff Thomas from this action. (*See* ECF No. 33-1 at 24-25.) However, after the United States declined to intervene in this action, (*see* ECF No. 16), the Court entered an order stating, "Should [Plaintiffs or Defendant] propose that this action be dismissed, settled, or otherwise discontinued, the Court will solicit the written [c]onsent of the United States before ruling or granting its approval," (ECF No. 17 ¶ 7). Accordingly, the Court's order will solicit the written consent of the United States before dismissing Plaintiff Thomas, with prejudice, from this action.

### B.    Defendant's Motion to Dismiss for Failure to State a Claim

Defendant argues that Plaintiffs' complaint fails to plead with particularity a fraudulent scheme to defraud the United States for several reasons.  First, Defendant argues that Plaintiffs' complaint fails to provide plausible and particular details of a fraudulent scheme, asserting that the complaint does not identify any contractual requirement, statute, or regulation that Defendant violated, that Plaintiffs' allegations of scienter are insufficient, and that Plaintiffs have failed to provide reliable indicia that false claims were submitted to the United States.  (ECF No. 33 ¶¶ 4-5; ECF No. 33-1 at 4-8, 11-23.)  Second, Defendant asserts that Plaintiffs' complaint fails to state a claim for conspiracy.  (ECF No. 33-1 at 23-25.)  The Court will separately address Defendant's arguments.

#### 1.    Plausible and Particular Details of a Fraudulent Scheme

Defendant argues that Plaintiffs' complaint does not provide plausible and particular details of a fraudulent scheme because it is silent as to the falsity, scienter, and materiality elements of a False Claims Act cause of action.  (Id. at 11.)  Defendant contends that the complaint is silent as to falsity because Plaintiffs have not identified any specific contracts or regulations that apply to the allegations that Defendant violated vendor bidding requirements, improperly revised purchase orders, and improperly charged overtime and rework costs.  (Id. at 12-14.)  Regarding scienter, Defendant argues that Plaintiffs' complaint is insufficient because it does not plausibly allege that Defendant acted with actual knowledge, deliberate ignorance, or reckless disregard of the information's truth or falsity.  (Id. at 14-15.)  Specifically, Defendant asserts that Plaintiffs'

claims sound in negligence and that Plaintiffs' complaint does not include factual allegations to substantiate claims that Defendant acted willfully or deliberately. (*Id.* at 15-17.) Finally, Defendant argues that Plaintiffs' exhibits establish the insufficiency of the complaint because they do not support the veracity of Plaintiffs' allegations. (*Id.* at 17-19.) In relation to this argument, Defendant contends that Plaintiffs have failed to allege any reliable indicia that it submitted actionable claims for payment because they did not describe with particularity the contents of any such claim or attach any allegedly false claims as exhibits. (*Id.* at 19-20.) Because the complaint provides no basis for Plaintiffs' speculative allegations, Defendant asserts that it must be dismissed. (*Id.* at 21-23.)

In response, Plaintiff Meketa argues that his complaint sets forth particular details of fraud and reiterates the allegations contained in the complaint. (ECF No. 39 at 10-11.) Plaintiff Meketa also contends that, at this stage of the proceedings, he is not required to produce specific contracts or regulations that apply to his allegations. (*Id.* at 5-6.) Plaintiff Meketa states that the complaint, "through extant detail and exhibits," establishes reliable indicia that false claims were submitted and reiterates the allegations contained in the complaint. (*Id.* at 12-14.) Regarding scienter, Plaintiff Meketa claims that a showing of gross negligence or reckless disregard is sufficient under the False Claims Act. (*Id.* at 18-21.) Plaintiff Meketa also argues that, pursuant to the square corners rule, a violation under the False Claims Act does not require proof of intent to defraud. (*Id.*) In its reply, Defendant argues that the square corners rule is inapposite because the Third Circuit has not applied it. (ECF No. 43 at 3-6.) Defendant also asserts that Plaintiff Meketa's response

merely repeats the allegations contained in the complaint and does not identify any specific contracts or regulations that apply to these allegations. (*Id.* at 7-11.)

Plaintiff Meketa alleges that Defendant is liable under 31 U.S.C. §§ 3729(a)(1)(A)-(E) and 31 U.S.C. § 3729(a)(1)(G), which provide:

> (a) Liability for certain acts.
>   (1) In general. Subject to paragraph (2), any person who--
>     (A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;
>     (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;
>     (C) conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G);
>     (D) has possession, custody, or control of property or money used, or to be used, by the Government and knowingly delivers, or causes to be delivered, less than all of that money or property;
>     (E) is authorized to make or deliver a document certifying receipt of property used, or to be used, by the Government and, intending to defraud the Government, makes or delivers the receipt without completely knowing that the information on the receipt is true;
>
> \*      \*      \*
>
>     (G) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government,
>
>     is liable to the United States Government for a civil penalty of not less than $ 5,000 and not more than $ 10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. 2461 note; Public Law 104-410), plus 3 times the amount of damages which the Government sustains because of the act of that person.

31 U.S.C. §§ 3729(a)(1)(A)-(E), (G). The elements of a claim under § 3729(a)(1) are that: (1) the defendant presented or caused to be presented to an agent of the United States a claim for payment; (2) the claim was false or fraudulent; and (3) the defendant knew the claim was false or fraudulent. *Hutchins v. Wilentz, Goldman & Spitzer*, 253 F.3d 176, 182 (3d Cir.

2001); *see also United States ex rel. Hefner v. Hackensack Univ. Med. Ctr.*, 495 F.3d 103, 109 (3d Cir. 2007). To constitute a "claim" under § 3729, the fraudulent statement or action must "have the purpose and effect of causing the government to pay out money." *Hutchins*, 253 F.3d at 183.

Materiality is a required element of a False Claims Act claim. *United States ex rel. Hill v. Univ. of Med. & Dentistry*, 448 Fed. Appx. 314, 317 (3d Cir. 2011) ("Congress has . . . explicitly imposed a materiality element on claims."); *United States ex rel. Palmer v. C&D Techs., Inc.*, No. 12-CV-907, 2015 U.S. Dist. LEXIS 95617, at *36 (E.D. Pa. July 22, 2015) ("With respect to false statements associated with false claims . . . those false statements must be material to be actionable."). "Even if the false statement is material, there is no violation unless the government relied on it." *United States ex rel. Thomas v. Siemens AG*, 991 F. Supp. 2d 540, 571 (E.D. Pa. 2014). Materiality "is necessarily speculative without particularized and plausible identification of the contractual or regulatory provision allegedly violated." *United States ex rel. Gage v. Davis S.R. Aviation, L.L.C.*, No. 14-50704, 2015 U.S. App. LEXIS 12230, at *10 (5th Cir. 2015) (holding that the failure to allege with particularity the contract was "fatal" to the plaintiff's claim).[2]

Plaintiff Meketa has failed to identify any contracts, regulations, or statutes that apply to his allegations that Defendant violated vendor bidding requirements, improperly revised purchase orders, and improperly charged overtime and rework costs. (*See* ECF

---

[2] As previously discussed, the Third Circuit recently adopted the approach of the First, Fifth, and Ninth Circuits regarding heightened pleading requirements. *See Foglia*, 754 F.3d at 156-57. Because there are few cases within the Third Circuit applying this standard, the Court finds case law within the First, Fifth, and Ninth Circuits to be persuasive authority.

No. 1.)  Instead, Plaintiff Meketa only identifies Aerospace Standard Document 9100, which governs Defendant's responsibilities, (ECF No. 1 ¶¶ 36-37; ECF No. 1-2), and an Aeronautics Strategy Map, which details Defendant's goals, (ECF No. 1 ¶¶ 40-43; ECF No. 1-3).  Although Plaintiff Meketa refers to Aerospace Standard Document 9100 as a "regulation," (ECF No. 1 ¶ 146), it is neither a contract nor a regulation.  In fact, the document states that it is a "report" published "to advance the state of technical and engineering sciences.  The use of this report is entirely voluntary."  (ECF No. 1-2 at 2.) Similarly, Defendant's "Aeronautics Strategy Map" is identified as "Lockheed Proprietary Information" and does not constitute a contract or a specification.  (ECF No. 1-3 at 2.)

Because Plaintiff Meketa has not identified any contracts, regulations, or statutes that apply to his allegations, he has failed to plead materiality, which is a required element of a False Claims Act claim, and his complaint is therefore deficient.  *See, e.g.*, *United States ex rel. Pritsker v. Sodexho, Inc.*, 364 Fed. Appx. 787, 790 (3d Cir. 2010) (affirming the dismissal of the plaintiff's claim because the complaint did not "identify any regulation requiring competitive bidding"); *United States ex rel. Zwirn v. ADT Sec. Servs.*, No. 10-CV-2639, 2014 U.S. Dist. LEXIS 88841, at *23-24, 33 (D.N.J. June 30, 2014) (explaining that "[w]hether a given claim would be fraudulent would depend on the specifics of the individual contract and the invoices submitted under the contract, but [the plaintiff] . . . asserts that the contracts exist and surmises that certain terms existed in them.  A blanket assertion of such broad reach is not what even the more liberal [Rule] 9(b) pleading standard adopted by this Circuit [in *Foglia*] allows" and granting motion to dismiss because the plaintiff failed to plead "facts from which the Court can draw an

inference that the regulations he cites were conditions of payment either explicitly or implicitly"); *United States ex rel. Knisely v. Cintas Corp.*, 298 F.R.D. 229, 241 (E.D. Pa. 2014) (granting motion to dismiss because "without alleging which . . . standards the federal agencies mandate, [the plaintiff's] generalization does not substantiate his claim that [the defendant's] payment claims under those contracts were false"). *See also United States ex rel. Ligai v. ESCO Techs. Inc.*, 611 Fed. Appx. 219, 220 (5th Cir. 2015) (upholding dismissal because the "complaint fail[ed] to identify any specific statute, regulation, or contract provision"); *United States ex rel. Steury v. Cardinal Health, Inc.*, 735 F.3d 202, 206-07 (5th Cir. 2013) (holding that the allegations were deficient because they did "not identify the contractual provisions," and "merely descriptive or conclusory allegations about the . . . contracts [are] insufficient"); *United States ex rel. Unite Here v. Cintas Corp.*, No. 06-CV-2413, 2007 U.S. Dist. LEXIS 98776, at *23-24 (N.D. Cal. Dec. 21, 2007) (granting motion to dismiss because the plaintiff did not allege "any specific contract" but "allege[d] only in general terms that there were contracts between [the defendant] and the government").

Defendant also argues that Plaintiffs' complaint is deficient because it does not plausibly allege scienter. (ECF No. 33-1 at 14-15.) The scienter element of the False Claims Act refers to a person who acts "knowingly" because he or she: "(i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b)(1)-(3). Thus, a relator must "allege with particularity direct or circumstantial facts that would permit a reasonable inference that [the defendant] knowingly made, used, or caused to be made or used a false statement to get a false claim

paid." *United States ex rel. Pilecki-Simko v. Chubb Institute*, No. 06-CV-3562, 2010 U.S. Dist. LEXIS 89326, at *19-20 (D.N.J. Aug. 27, 2010), *aff'd*, 443 Fed. Appx. 754 (3d Cir. 2011). "[T]he False Claims Act require[s], at a minimum, an incorrect statement made, used, or caused to be made or used with 'reckless disregard of the truth or falsity of the information.'" *Id.* at *21. "Relators need not prove a specific intent to defraud, but negligent or innocent mistakes are not actionable under the [False Claims Act]." *United States ex rel. Bartlett v. Ashcroft*, 39 F. Supp. 3d 656, 674 (W.D. Pa. 2014).

As Defendant argues, Plaintiff Meketa's complaint does not set forth factual allegations to substantiate his claims that Defendant acted willfully, recklessly, or deliberately. Instead, Plaintiff Meketa alleges that Defendant "consistently refused to hire and/or promote competent personnel for most supervisory and management positions," (ECF No. 1 ¶¶ 61, 97), did not "properly train" its "incompetent" management personnel, (*id.* ¶¶ 62, 98, 137, 140, 143), failed to "properly manufacture critical defense items to specification," (*id.* ¶ 88), did not "properly and appropriately manufacture, store, inventory[,] and monitor the right amount of parts as ordered," (*id.* ¶ 103), "failed to properly paint some large metal parts," (*id.* ¶ 118), "failed to test the viscosity [of the paint]" and "used an inaccurate process to test the viscosity," (*id.* ¶ 133, 135), and had overtime work because of its "poor planning," "failure to oversee proper quality," and "gross incompetence," (*id.* ¶¶ 183, 185, 191). Plaintiff Meketa avers that "the government paid [Defendant's] bills without realizing and without ever being informed that it was paying for errors, incompetence, negligence[,] and lack of quality control which was the sole responsibility of Defendant." (*Id.* ¶ 228.)

Plaintiff Meketa's allegations do not "permit a reasonable inference that [Defendant] knowingly made, used, or caused to be made or used a false statement to get a false claim paid." *United States ex rel. Pilecki-Simko*, 2010 U.S. Dist. LEXIS 89326, at *19-20 (finding that the plaintiffs' conclusory allegations did not contain "particularized facts permitting the inference that [the defendant] acted with scienter by making or using a false statement"); *see also United States ex rel. Pilecki-Simko v. Chubb Inst.*, No. 06-CV-3562, 2010 U.S. Dist. LEXIS 27187, at *27 (D.N.J. Mar. 22, 2010) ("Relators do not allege any facts identifying either a particular false claim submitted to a Government agent, per § 3729(a)(1), or a false statement used to get a false claim paid in violation of § 3729(a)(2).").

At most, the complaint alleges that Defendant acted negligently or made innocent mistakes; it is therefore insufficient. *See, e.g., United States ex rel. Hill*, 448 Fed. Appx. at 317 (affirming that the plaintiff failed to establish scienter because "proof of a mistake or even of negligence in performing the work . . . does not prove that defendants knowingly submitted false information") (internal quotations omitted); *United States ex rel. Whatley v. Eastwick College*, No. 13-CV-1226, 2015 U.S. Dist. LEXIS 95862, at *18 (D.N.J. July 23, 2015) (granting motion to dismiss because the complaint "[did] not explain . . . with particularity or sufficiently allege that [the defendants] acted with the requisite scienter"); *United States ex rel. Alchemy Asset Servs.*, No. 10-CV-680, 2011 U.S. Dist. LEXIS 64231, at *11 (W.D. Pa. May 3, 2011) (granting motion to dismiss and finding the complaint did not satisfy Rule 9(b) because the plaintiff "ha[d] not presented sufficient facts from which the Court [could] reasonably infer that [the defendant] intended to deceive the public"); *Stennett v. Premier Rehab., LLC*, 479 Fed. Appx. 631, 633 (5th Cir. 2012) (affirming the

dismissal of the complaint because it "fail[ed] to allege . . . that [the p]laintiff [was] the 'original source' of the information forming the basis of the complaint or that any of the [d]efendants acted with the requisite scienter to establish a cause of action under the [False Claims Act]" and finding that the complaint was "simply devoid of any detailed allegations concerning the content of actual bills and/or claims submitted to the Government" and did not include "allegations sufficient to demonstrate that any of the defendants knew the alleged falsehoods would be material to the Government's decision to pay a claim"). *See also United States v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("[C]ost overruns in government procurement projects may occur without fraud."); *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 789 (4th Cir. 1999) ("[A]llegations of poor and inefficient management of contractual duties . . . is not actionable under the False Claims Act."); *United States ex rel. Whipple v. Rockwell Space Operations Co.*, No. 96-CV-3626, 2002 U.S. Dist. LEXIS 6650 (S.D. Tex. 2002) ("An allegation of inefficiency does not state a claim under the [False Claims Act]").

As Defendant notes, Plaintiff Meketa's argument that the element of scienter is satisfied under the square corners rule is inapplicable. Plaintiff Meketa concedes that the square corners rule has been applied in the Sixth Circuit. (*See* ECF No. 39 at 18-21.) The Third Circuit has not applied this rule and, as noted above, the Third Circuit recently adopted the approach of the First, Fifth, and Ninth Circuits in relation to actions arising under the False Claims Act. The Court therefore need not address Plaintiff Meketa's argument that only a showing of gross negligence of reckless disregard is required to sufficiently allege scienter.

Plaintiff Meketa includes allegations that Defendant "willfully refus[ed] to request bids from the required minimum of three prospective and approved vendors," (ECF No. 1 ¶¶ 75, 82, 84, 86, 106); made "willful misrepresentations" by "[keeping] manufacturing work in-house instead of sending it out for competitive bid," (*id.* ¶¶ 78, 81); "willfully failed to disclose . . . cost overruns and further failed to disclose that it was solely responsible for those overruns," (*id.* ¶¶ 92-95, 99); "deliberately falsified [invoices] so that the government could and would not discover that unapproved, noncertified vendors and suppliers, which the government had no duty to pay, were being used by Defendant on a regular basis," (*id.* ¶ 113); "deliberately" altered purchase orders to bill the government "for extra parts," (*id.* ¶¶ 152, 162-163); and "willfully misrepresented" overtime "because the true reasons for it were never disclosed," (*id.* ¶ 201). However, Plaintiff's averments "[are] largely speculative and lack[] the detail necessary when pleading allegations of fraud." *United States ex rel. Whatley*, 2015 U.S. Dist. LEXIS 95862, at *17; *see also United States ex rel. Zwirn*, 2014 U.S. Dist. LEXIS 88841, at *23 (granting motion to dismiss because "the broad and sweeping allegations of the complaint lack precision").

More specifically, Plaintiff Meketa does not explain how Defendant refused to request bids, failed to disclose cost overruns, falsified invoices and purchase orders, and misrepresented overtime work with particularity or sufficiently allege that Defendants acted with the requisite scienter. Instead, Plaintiff Meketa's allegations "amount to an undifferentiated, general accusation of . . . fraud." *United States ex rel. Zwirn*, 2014 U.S. Dist. LEXIS 88841, at *23; *see also United States ex rel. Knisely*, 298 F.R.D. at 240 (explaining that "a relator must identify representative examples of specific false claims at the

pleading stage of an [False Claims Act] claim" or "particular details of the scheme paired with reliable indicia") (internal quotations omitted). "Rather than containing details of the alleged scheme," the complaint filed by Plaintiff Meketa "presents only the broad outlines, and the inferences it offers are not reasonably drawn." *United States ex rel. Zwirn*, 2014 U.S. Dist. LEXIS 88841, at *21. Moreover, many of Plaintiff Meketa's allegations are based upon his beliefs or submissions, (*see* ECF No. 1 ¶¶ 107, 113, 124, 194, 200, 223), and "cursory allegations, made on information and belief alone, are unquestionably insufficient." *United States ex rel. Knisely*, 298 F.R.D. at 241 (internal quotations omitted) (holding that the plaintiff's allegations were "cursory and therefore insufficient to maintain an action for a Section 3729(a)(1)(B) violation"); *see also United States ex rel. Whatley*, 2015 U.S. Dist. LEXIS 95862, at *19 (finding that allegations based upon the plaintiff's information and belief were "speculative," "unsupported," and "fail[ed] to satisfy even the more lenient pleading standard under Federal Rule of Civil Procedure 8(a)"); *United States ex rel. Zwirn*, 2014 U.S. Dist. LEXIS 88841, at *24 ("[A]llegations based on information and belief 'do not satisfy Rule 9(b) unless the complaint sets forth the facts upon which the belief is founded.'") (quoting *Zavala v. Wal-Mart Stores, Inc.*, 393 F. Supp. 2d 295, 313 (D.N.J. 2005)).

Plaintiff Meketa relies upon exhibits attached to his complaint in an attempt to support his allegations that Defendant acted willfully and deliberately. However, the exhibits attached to the complaint do not support, and even undermine, Plaintiff Meketa's conclusory allegations against Defendant. Exhibit 1-4 includes e-mail exchanges discussing price comparisons, and no decision is reached as to which part to use. (ECF

No. 1-4.)  This exhibit does not support Plaintiff Meketa's assertion that "Defendant willfully refused to send out thousands of contracts to three or more required prospective vendors for bid and therefore cost the government millions of dollars in excess expenses and poor quality."  (ECF No. 1 ¶ 82 (citing ECF No. 1-4).)  Exhibit 1-5 is a show-cause notice from the government stating that Defendant had failed to provide an item that met the government's first article testing requirements, establishing that the government was not deceived about the quality of Defendant's items.  (ECF No. 1-5.)  Moreover, the exhibit does not support Plaintiff Meketa's allegation that "[t]he willful failure of Defendant to bid competitively resulted in significant cost overruns and the failure to produce good-quality products on time."  (ECF No. 1 ¶¶ 86-87 (citing ECF No. 1-5).)

Exhibit 1-6 indicates that two parts that were submitted for testing failed.  The exhibit does not identify which entity completed the testing, and it does not support Plaintiff Meketa's contention that "[t]he government also ended up with significant delays and expenses as a result of the failure to properly manufacture critical defense items to specifications."  (ECF No. 1-6; ECF No. 1 ¶ 88 (citing ECF No. 1-6).)  Exhibit 1-7 includes e-mail exchanges discussing the release of engineering change notices to correct finish codes.  (ECF No. 1-7.)  The exhibit does not support Plaintiff Meketa's assertion that "Defendant's internal documents, which clearly evidence that work was inadequately done and/or delayed, were deliberately never disclosed to the government."  (ECF No. 1 ¶ 99 (citing ECF No. 1-7).)  Exhibit 1-8 includes e-mail exchanges regarding tasks of the procurement department and a supplier alert, along with purchase orders and a subcontractor do-not-use list.  (ECN No. 1-8.)  The documents included in Exhibit 1-8 do

not support Plaintiff Meketa's allegation that Quality Assurance Director Michael A. Kosnosky "was either related to . . . unapproved vendors or received a kickback for sending Defendant's work and/or contracts to these vendors." (ECF No. 1 ¶ 107 (citing ECF No. 1-8).) Exhibit 1-9 includes communications documents, purchase orders, packing slips, a material requisition form, and e-mail exchanges regarding handheld barcode scanners. (ECF No. 1-9.) The documents included in Exhibit 1-9 do not support Plaintiff Meketa's contention that "[t]he failure to use qualified vendors . . . resulted in poor work at high cost and may also have jeopardized the security of the United States." (ECF No. 1 ¶ 108 (citing ECF No. 1-9).)

Exhibit 1-10 includes e-mail exchanges regarding expediting expenses and overtime fees for "12 Rights and 12 Left." (ECF No. 1-10.) The exhibit does not support Plaintiff Meketa's averment that Defendant's "dirty laundry" involved "a consistent and endemic failure to enforce and follow the required rules and guidelines, illegal and improper billing of the government, [and] ongoing violations of regulations." (ECF No. 1 ¶¶ 165-166 (citing ECF No. 1-10).) Exhibit 1-11 is an e-mail discussing five missing work orders. (ECF No. 1-11.) Contrary to Plaintiff Meketa's assertion, the exhibit is not "[a]nother example of an increase in a purchase order." (ECF No. 1 ¶ 172 (citing ECF No. 1-11).) Exhibit 1-12 includes a supplier corrective action request and an e-mail discussing a "nick" on the surface of the tubing. (ECF No. 1-12.) The exhibit does not support Plaintiff Meketa's statement that "employee[s] would earn double-time on Sunday and then scrap their work out on Monday because it was useless or nonconforming." (ECF No. 1 ¶ 189 (citing ECF No. 1-12).) Exhibit 1-13 includes e-mail exchanges discussing pilot

holes, corrective action documents, procedures for bringing chemicals into the building, and tool repair. (ECF No. 1-13.) Exhibit 1-13 is not an example of Defendant's "gross incompetence." (ECF No. 1 ¶ 191 (citing ECF No. 1-13).)[3]

Exhibit 1-14 includes e-mail exchanges discussing sample parts and does not support Plaintiff Meketa's allegation of "defective production." (ECF No. 1-14; ECF No. 1 ¶ 193 (citing ECF No. 1-14).) Exhibit 1-15 includes e-mail exchanges discussing thirteen extra forgings. (ECF No. 1-15.) The exhibit does not support Plaintiff Meketa's averment that "the government was billed for the failure on the part of both Defendant and Defendant's vendors to manufacture properly and in accordance with specifications." (ECF No. 1 ¶ 194 (citing ECF No. 1-15).) Exhibit 1-16 is a corrective action request that Plaintiff Meketa authored. (ECF No. 1-16.) The exhibit does not support Plaintiff Meketa's statement that "[i]t is possible that Defendant also manufactured additional parts, without the government's knowledge, which were sold to unauthorized parties and the profit pocketed by Defendant." (ECF No. 1 ¶ 218 (citing ECF No. 1-16).) Finally, Exhibit 1-17 is a twenty-eight page Excel spreadsheet that includes company names, telephone numbers, dates, and notes. (ECF No. 1-17.) Contrary to Plaintiff Meketa's contention, it does not "show[] the failure to properly cure parts after painting." (ECF No. 1 ¶ 220 (citing ECF No. 1-17).)

---

[3] Plaintiff Meketa appears to be referencing Exhibit 1-11, not Exhibit 1-13, in paragraph 191 of his complaint. However, neither exhibit supports Plaintiff's Meketa's assertion that Defendant engaged in "gross incompetence." (ECF No. 1 ¶ 191.) The Court need not spend time deciphering which exhibits Plaintiff Meketa incorrectly cited in his complaint.

Plaintiff Meketa's attached exhibits do not provide reliable indicia that support his claim. *United States ex rel. Zwirn*, 2014 U.S. Dist. LEXIS 88841, at *19 ("[A] relator must allege particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted; the mere opportunity for fraud, without more, does not suffice."). Thus, not only does Plaintiff Meketa's complaint contain conclusory allegations that are insufficient under Rule 9(b), but it is also unsupported by the attached exhibits. *See, e.g., United States ex rel. Pilecki-Simko*, 2010 U.S. Dist. LEXIS 27187, at *28 (finding that the pleadings did not provide a "plausible basis" for concluding that the defendant willfully made false statements because "the purported false statements are not apparent on the face of the [attached] documents"); *United States ex rel. Staniszewski v. Washington & Jefferson College*, No. 05-CV-1098, 2008 U.S. Dist. LEXIS 113624, at *4 (W.D. Pa. Jan. 30, 2008) (finding that "the pleadings fail[ed] to make any factual averments supporting the [plaintiff's] claims of false or fraudulent statements" and noting that "nothing in [the attached exhibits] supports or reasonably infers the veracity of [the plaintiff's] claims"); *Gagliardi v. Clark*, No. 06-CV-20, 2006 U.S. Dist. LEXIS 70509, at *12 (W.D. Pa. Sept. 28, 2006) ("Exhibits may be considered in deciding the motion to dismiss because matters incorporated by reference or integral to the claim . . . may be considered by the district court without converting the motion into one for summary judgment.") (internal quotations omitted). The Court must therefore dismiss Plaintiff Meketa's False Claims Act claim.

2.      Claim for Conspiracy

Defendant argues that Plaintiffs' complaint fails to state a claim for conspiracy under 31 U.S.C. § 3729(a)(1)(C), (D), (E), and (G).  (ECF No. 33-1 at 23.)  Specifically, Defendant asserts that Plaintiffs' complaint fails to identify participants in the conspiracy, describe the objectives of the conspiracy, describe Defendant's role in the conspiracy, identify any government money or property that was in Defendant's possession, allege that any applicable contract or contracts required delivery of any money or property to the government, and allege that Defendant delivered less than all of the required delivery of money or property to the government.  (*Id.* at 23-25.)  In his response, Plaintiff Meketa does not address Defendant's arguments.  (*See* ECF No. 39.)

"To plead a conspiracy claim under § 3729(a)(3), a plaintiff must allege '(1) a conspiracy to get a false or fraudulent claim allowed or paid; and (2) an act in furtherance of the conspiracy.'"  *United States ex rel Lampkin v. Johnson & Johnson, Inc.*, No. 08-CV-5362, 2013 U.S. Dist. LEXIS 76448, at *16 (D.N.J. May 31, 2013) (quoting *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007)).  "The essence of a conspiracy under the [False Claims] Act is an agreement between two or more persons to commit a fraud."  *United States ex rel. Piacentile v. Sanofi Synthelabo, Inc.*, No. 05-CV-2927, 2010 U.S. Dist. LEXIS 137895, at *24 (D.N.J. Dec. 31, 2010) (internal quotations omitted).  In alleging violations of the False Claims Act, "the plaintiff is required to allege the underlying fraud with particularity, but the allegations of the conspiracy need only satisfy the notice pleading standards of Rule 8."  *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, No. 94-CV-7316, 2000 U.S. Dist. LEXIS 12081, at *39 (E.D. Pa. Aug. 24, 2000).  "Therefore, to

survive a motion to dismiss on the conspiracy claim, the plaintiff's complaint need only describe the general composition of the conspiracy, some or all of its broad objectives, and [the] defendant's general role in that conspiracy." *Id.* at *39-40 (internal quotations omitted).

In his complaint, Plaintiff Meketa alleges only that "Defendant has knowingly . . . conspired to defraud the United States Government by getting false or fraudulent claims allowed or paid." (ECF No. 1 ¶ 34.) Plaintiff Meketa has failed to "describe the general composition of the conspiracy, some or all of its broad objectives, and [the] defendant's general role in that conspiracy." *United States ex rel. Atkinson*, 2000 U.S. Dist. LEXIS 12081, at *39-40. Plaintiff Meketa has asserted only one claim against Defendant, and, as discussed above, Plaintiff Meketa has failed to sufficiently allege a cause of action against Defendant. The Court will therefore dismiss Plaintiff Meketa's complaint. *See, e.g.*, *United States ex rel. Cestra v. Cephalon, Inc.*, No. 14-CV-1842, 2015 U.S. Dist. LEXIS 71505, at *38 (E.D. Pa. June 3, 2015) (dismissing conspiracy claim because "[t]here appears to be no reference to formal agreements here that might allow me to similarly infer allegations of conspiratorial agreement from relator's conclusory statement of his conspiracy claim"); *United States ex rel. Bartlett v. Tyrone Hosp., Inc.*, 234 F.R.D. 113, 124 (W.D. Pa. 2006) (dismissing conspiracy claim because the complaint "fail[ed] to properly allege an agreement, which is the 'essence' of the conspiracy claim based upon 31 U.S.C. § 3729(a)(3)").

## C. Leave to Amend

The law is well settled that "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245. Likewise, Federal Rule of Civil Procedure 15 embodies a liberal approach to amendment and directs that "leave shall be freely given when justice so requires" unless other factors weigh against such relief. *Dole v. Arco Chemical Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990). Factors that weigh against amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is futile "if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). A district court may therefore "properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Centifanti v. Nix*, 865 F. 2d 1422, 1431 (3d Cir. 1989); *Davis v. Holder*, 994 F. Supp. 2d 719, 727 (W.D. Pa. 2014).

The Court believes that any amendment is likely futile to overcome the numerous and substantial shortcomings that it has identified in Plaintiff Meketa's complaint. However, in light of the legal principles favoring the opportunity to amend a deficiently pleaded complaint, the Court will grant one opportunity for leave to amend. *See, e.g., In re Chemed Corp.*, No. 13-CV-1854, 2015 U.S. Dist. LEXIS 171754, at *78 (D. Del. Dec. 23, 2015) (granting motion to dismiss *qui tam* action but permitting one opportunity for leave

to amend within fourteen days); *In re Johnson & Johnson Derivative Litig.*, 865 F. Supp. 2d 545, 581 (D.N.J. 2011) (granting motion to dismiss *qui tam* action but allowing leave to amend). Thus, the Court will permit Plaintiff Meketa to file an amended complaint within fourteen days of the date of this opinion. Should Plaintiff Meketa fail to file an amended complaint within fourteen days, the Court will enter an order dismissing the complaint with prejudice.

## VI.  CONCLUSION

For the reasons stated above, Plaintiff Holly Thomas will be dismissed from the action with prejudice. The Court will grant Defendant's motion to dismiss Plaintiffs' complaint without prejudice. The Court will permit Plaintiff Michael Meketa to file an amended complaint within fourteen days of the date of this opinion. The Court will also permit the United States to file objections within fourteen days.

An appropriate order follows.

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA ex rel.** | ) | **CIVIL ACTION NO. 3:13-183** |
| **HOLLY THOMAS, and MICHAEL** | ) | |
| **MEKETA,** | ) | |
| **Plaintiffs,** | ) | **JUDGE KIM R. GIBSON** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LOCKHEED MARTIN AEROPARTS,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

**AND NOW**, this 4th day of January, 2016, upon consideration of Defendant's motion to dismiss (ECF No. 33), and upon further consideration of the parties' accompanying briefs and submitted exhibits, and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED** as follows:

1.  Defendant's motion to dismiss Plaintiffs' complaint (ECF No. 33) is **GRANTED**, without prejudice.

2.  Defendant's request to dismiss Plaintiff Holly Thomas (ECF No. 33) is **GRANTED**. Plaintiff Holly Thomas is dismissed, with prejudice, as a party from this action, subject to any objections filed by the United States within 14 days.

**IT IS FURTHER ORDERED** that the United States shall file its objections to this order within 14 days from the date of this order.

**IT IS FURTHER ORDERED** that Plaintiff Michael Meketa shall file an amended complaint within 14 days from the date of this order. Should Plaintiff Michael Meketa fail to file an amended complaint within 14 days, the Court shall enter an order dismissing the complaint with prejudice.

BY THE COURT:

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**